UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 09-20195

Honorable John Corbett O'Meara

v.

THOMAS LEE PICKETT,

        Defendant.

                                                      /

**ORDER DENYING**
**DEFENDANT'S OCTOBER 28, 2009 MOTION TO SUPPRESS EVIDENCE**

This matter came before the court on defendant Thomas Lee Pickett's October 28, 2009 motion to suppress evidence. The government filed a response November 4, 2009. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

Defendant Thomas Lee Pickett seeks to suppress digital photographs depicting the molestation of his four-year old granddaughter. On August 20, 2008, defendant Pickett signed a "Consent to Search Computer and/or Digital Media" for the Oakland County Sheriff's Department, agreeing to the search of his Dell Dimension computer and Olympus digital camera. On October 15, 2008, Pickett sat for a state-administered polygraph regarding the scope of his alleged conduct. Defendant Pickett claims in his motion that following the polygraph, in the parking lot of the Oakland County Sheriff's Department, he revoked his consent and asked for his camera to be returned. Three other individuals were present when Pickett purportedly revoked his consent: Detective Brian Kreilach; Detective James Kavilick; and Scott Grabel, defendant Pickett's former attorney.

Pickett was initially charged in this matter by the Oakland County Prosecutor; however, those charges were ultimately dismissed in favor of federal jurisdiction. Prior to that dismissal, Pickett

filed an identical motion seeking to suppress the images found on his camera on identical grounds presented here. Following an evidentiary hearing, Oakland County Circuit Judge Michael D. Warren denied the motion to suppress.

Even if this court were to have another evidentiary hearing on the same issue and come to a different conclusion than the state court, the court will deny defendant Pickett's motion based on the inevitable discovery doctrine. "If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received." Nix v. Williams, 467 U.S. 431, 444 (1984).

In this case after the minor reported being abused at the hands of defendant Pickett, law enforcement had probable cause to examine the images on his camera and computer. It appears that the only reason a search warrant was not obtained in August 2008 was that Pickett granted his consent for the property to be searched. Therefore, even if he had revoked his consent in October, detectives would have obtained a search warrant based on the information they had already gathered. Even in the absence of Pickett's consent, whether revoked or not, Oakland County detectives inevitably would have secured a search warrant for the camera and discovered the images. Therefore, the court must deny the motion to suppress.

**ORDER**

It is hereby **ORDERED** that defendant Pickett's October 28, 2009 motion to suppress evidence is **DENIED.**

s/John Corbett O'Meara<br>United States District Judge

Date:  December 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 8, 2009, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager