UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

THOMAS LEE PICKETT,

          Defendant.

_____/

Case No. 09-20195

Honorable John Corbett O'Meara

**ORDER DENYING
DEFENDANT'S NOVEMBER 8, 2009 MOTION TO DISMISS**

This matter came before the court on defendant Thomas Lee Pickett's November 8, 2009

Motion to Dismiss for Lack of Federal Jurisdiction. The government filed a response November 12,

2009. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

Defendant Thomas Lee Pickett is charged in a multi-count indictment with Sexual

Exploitation of Children in violation of 18 U.S.C. § 2251(a), and Possession of Child Pornography

in violation of 18 U.S.C. § 2252A(a)(4)(B). In his motion defendant Pickett brings facial and as-

applied constitutional challenges to the two statutes.

The United States Court of Appeals for the Sixth Circuit has repeatedly rejected such

challenges to the statutes. See United States v. Brown, 2006 WL 3203747 (6th Cir. Nov. 6, 2006);

United States v. Chambers, 441 F.3d 438 (6th Cir. 2006); and United States v. Andrews, 383 F.3d

374 (6th Cir. 2004).

Section 2251(a) prohibits the use of a minor in "any sexually explicit conduct for the purpose

of producing any visual depiction of such conduct . . . if that visual depiction was produced using

materials that have been mailed, shipped, or transported in interstate or foreign commerce . . . ."

Likewise, Section 2252(a)(4)(B) prohibits the possession of child pornography "produced using materials which have been mailed or [] shipped or [] transported" in interstate or foreign commerce. In this case there is no dispute that defendant Pickett's pictures were produced using an Olympus digital camera manufactured in Korea.

Defendant argues that the jurisdictional nexus created by Congress is unconstitutional, both facially and as applied to him.  Pickett concedes, however, that this same argument was rejected in United States v. Chambers, 441 F.3d 438 (6th Cir. 2006).  In United States v. Bowers, 2007 WL 4465263 (E.D. Mich. Dec. 17, 2007), this court recently held that "the Sixth Circuit has repeatedly found that the production of pornography using equipment or materials produced in other states or countries sufficiently affects interstate commerce to pass constitutional muster."  Id. at *3.  The cases relied upon by defendant Pickett, notably United States v. Corp, 236 F.3d 325 (6th Cir. 2001), pre-date Chambers.  This court cannot ignore binding precedent.  Accordingly, the court will deny defendant Pickett's motion to dismiss.

## ORDER

It is hereby **ORDERED** that defendant Pickett's November 8, 2009 motion to dismiss for lack of federal jurisdiction is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date:  December 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 8, 2009, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

2